11-3047
Voufo v. Holder

BIA
Montante, Jr., IJ
A095 172 121
A079 066 249
A089 252 879
A095 172 124

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of August, two thousand twelve.

PRESENT:
        JON O. NEWMAN,
        ROBERT A. KATZMANN,
        CHRISTOPHER F. DRONEY,
                *Circuit Judges.*
_____

MIRABELLE MEKATIO VOUFO,
PIERRE VOUFO, LOVELINE TSAGUE VOUFO,
FRANCK-AUGUSTE NZAKEUPOU VOUFO,

        *Petitioners,*

        v.                                    11-3047
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONERS:       Mirabelle Mekatio Voufo, Pierre
                       Voufo, Loveline Tsague Voufo,
                       Franck-Auguste Nzakeupou Voufo
                       *pro se*, Orange, New Jersey.

**FOR RESPONDENT:** Stuart F. Delery, Acting Assistant Attorney General; John S. Hogan, Senior Litigation Counsel, Kristen Guiffreda Chapman, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, natives and citizens of Cameroon, seek review of a June 27, 2011, order of the BIA, affirming the May 19, 2009, decision of Immigration Judge ("IJ") Philip J. Montante, Jr., which denied Mirabelle Mekatio Voufo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mirabelle Mekatio Voufo*, *Pierre Voufo*, *Loveline Tsague Voufo*, *Franck-Auguste Nzakeupou Voufo*, Nos. A095 172 121/A079 066 249/A089 252 879/A095 172 124 (B.I.A. June 27, 2011), *aff'g* Nos. A095 172 121/A079 066 249/A089 252 879/A095 172 124 (Immig. Ct. Buffalo May 19, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards

2

of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications governed by the REAL ID Act, such as this one, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii)

In finding Voufo not credible, the agency reasonably relied on discrepancies between Voufo's testimony and her Cameroonian passport with respect to the date on which Voufo obtained the passport, and Voufo's testimony and asylum application with respect to the circumstances surrounding her release from detention following her May 1997 arrest. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Iouri v. Ashcroft*, 534 F.3d 76, 81-82 (2d Cir. 2007). A reasonable fact-finder would not be compelled to credit Voufo's explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Moreover, the IJ reasonably found that while Voufo indicated in her asylum application that, during her May 1997 detention, she had been forced to watch other detainees

3

being molested, she did not mention this material detail when asked on direct examination to describe how she had been mistreated during her May 1997 detention. *See Xiu Xia Lin*, 534 F.3d at 166-67 n.3 (holding that for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are functionally equivalent"). Furthermore, the agency reasonably found that while Voufo's husband, Pierre, testified that he had been fully aware that Voufo had been arrested on three occasions on account of her membership in, and active support of, the Union of Cameroon Democratic Forces ("UFDC"), Pierre's asylum application (which had been denied in a separate proceeding and which Voufo submitted as evidence in support of her application for relief) did not indicate that Voufo had been arrested, detained, or beaten for having participated in UFDC activities. *See Xiu Xia Lin*, 534 F.3d at 166-67 n.3. A reasonable fact-finder would not be compelled to credit Pierre's explanation that he did not know that he was required to indicate in his asylum application every incident in which Voufo had been arrested and detained given that Pierre's asylum application expressly asked whether he or any member of his family had ever been accused, charged, arrested, detained, convicted and sentenced, or imprisoned in his country. *See Majidi*, 430 F.3d at 80-81.

4

Moreover, the IJ reasonably relied on Voufo's failure to present adequate corroboration to support her claims that she had been detained for two weeks following her May 1997 arrest, that she had received medical attention for injuries she allegedly sustained during each of her three stays in detention, and that her husband's friend was able to procure a Cameroonian passport on her behalf without her direct involvement. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (holding that the agency may rely on a lack of corroborative evidence where an applicant's testimony is not otherwise credible).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the agency's adverse credibility determination was supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66. The adverse credibility determination is dispositive of Voufo's claims for asylum, withholding of removal, and CAT relief, as those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk